Good morning, Your Honors. May it please the Court. My name is Kelly Reynolds. I represent the petitioner in this matter, Arturo Franco. Mr. Franco, we wouldn't be here today if the government had not taken Mr. Franco into custody before the resolution of his criminal proceedings. The government attempted to circumvent the entire criminal proceeding by taking Mr. Franco into custody, transferring him down to Arizona, and not allowing him to appear for his sentencing. So therefore, we have an inconclusive record of conviction, which was why the immigration judge and the board did not find that there was a file on him. Imagine that, in this case, that there was no conviction whatsoever. Wasn't your client at any time during the 19 years – we understand how he got here – had no choice in the matter? He was, what, 2 years old when he was brought here? I believe so, Your Honor. Wasn't he subject to removal at any time, certainly, say, during the first 5 or 6 years that he was here? Oh, certainly. There's no question that my client was removable or not removable under 212a6a small i. The question is whether or not he's eligible for relief from removal in the form of cancellation of removal. The government brought what they believed were conviction records, and they did bring a 212a2 small i – big i – charge of crime involving moral turpitude, and the court didn't uphold that charge. Your client pled to a wobbler under California law, right? Pled to a wobbler, yes. And absent his being picked up for an immigration violation, had he completed the period of probation and otherwise satisfied the state court having jurisdiction, it would have been reduced to a misdemeanor. There's – Is that correct? We have no idea. It's not – he could have been sentenced under the misdemeanor statutes. He could have been sentenced to misdemeanor probation. We have no idea what would have happened with his criminal case because he does not have a conviction. There was – he – there's no – It's not necessarily my position that, at the expiration of probation, that it would have been reduced to a misdemeanor. He – it's our – it's the Petitioner's position that because felonious punishment  that it has to be considered a misdemeanor, if anything. But doesn't our case law say that it's enough to enter a plea? Your case law says it's enough to – oh, are you talking about in order to constitute a conviction? No. Okay. Isn't it sufficient for the purpose of removal that he entered a plea to what would constitute an aggravated felony within the meaning of immigration law? Well, that wouldn't be sufficient. We're talking right now about an inadmissible alien, and that would not be sufficient to constitute a conviction. It would possibly be sufficient to constitute an admission for an inadmissible alien. Nevertheless, the question is whether or not the petty offense exception applies in this circumstance. I believe the question that you've posed to me is whether or not the plea was sufficient. The plea is not sufficient to constitute a conviction because there's no – Not in terms – not as applied to these facts, Your Honor. And this is – the reason why is that a wobbler is a unique statute. And if it was sufficient, if a person pleads to – because we don't know on this record whether or not this was a felony. So if a person – Let me answer this. Don't you have the burden of proof? He pleads to a crime that can be punished by a maximum of four years. Now, in fact, the punishment wasn't imposed, but that was possible. So you have to show that in some way he would not have been subject to that penalty, don't you? No. I don't think under this Court's precedent that we have to show absolute – I'm referring to the case – I mean, it's your burden to show good moral character, isn't it? It is. It is the Petitioner's burden to prove good moral character. Nevertheless, this Court has held that in – with an inconclusive record – I'm referring to the case of Sandoval. Well, it's inconclusive. At the point we get the record, he's admitted facts that subject him to this fairly heavy penalty, and you haven't refuted it. The consequences of saying that anybody who admits facts that constitute a wobbler would absolutely write the petty offense exception out of the statute, because all ICE would have to do is go detain somebody after they've pled before they're sentenced, and they would never become the beneficiary of the petty offense exception, and that's not what Congress intended. But your case is a little different, isn't it, Ms. Reynolds? I'm looking at the plea agreement here, and it indicates in paragraph 9, grant felony probation. So your client understood that he would be sentenced to felony probation when he pled. That's no wobbler. I mean, it's a wobbler in the sense that the statute provides for it, but he clearly understood that he could get up to four years in jail and he was going to get felony probation. But there was – That's a little different, isn't it? I don't believe that it changes the analysis in this matter, because there was never a grant of felony probation. But he signed on to felony prison and felony probation if it had gone forward, and as Judge Noonan indicates, you bear the burden to show to the contrary, do you not? We – I don't necessarily think that we bear the burden to show the contrary. We bear the burden to show that he has good moral character and that he's not subject to any of the – So you – in effect, you're arguing that there is a legal limbo here, that in effect your client could continue indefinitely as long as he was not sentenced. Is that correct? Well, it wasn't his choice to not be sentenced. No, I understand that. But you're arguing this is basically – it's a perpetual limbo, notwithstanding the fact that he understood he had a felony probation and he could be sentenced to up to four years. That is my argument, Your Honor, because under California law, unless felonious punishment is imposed, it cannot be considered a felony. And I've cited some of those cases in my brief. There – I believe and I understand that the board in this case cited to United States v. Robinson, which is a Ninth Circuit case. But that case is inapplicable here because in that case it's cited to, I believe, people versus banks, where imposition of sentence was suspended, the person was put on probation. So you're not talking about the limbo that we're talking about here. It sounds to me like – and you correct me if I'm wrong – that what you would like the panel to do is to write a rule that says when someone pleads to an offense that's under the Wobbler statute, and the government interferes with the individual's that plea and be eligible for reduction to what would be a misdemeanor offense, that's a bad thing. Is that what you want us to do? What I'm asking the Court to do is to find that because no felonious punishment was imposed under California law, this was not a felony. This was a misdemeanor or at least cannot be held to be a felony. Because in this instance, the Petitioner took a guilty plea, was supposed to return for sentencing, and then presumably, possibly, we don't know for sure, but would have been on probation. So we don't know even what would have happened at the sentencing. And what you're referring to, I believe, is what possibly would have happened upon the completion of probation. So we're dealing with a much smaller period. Do you have any case that would sanction such a remedy? No, Your Honor, but if I can have one minute of rebuttal and I'll think about that question. Thank you. Thank you very much. We'll hear from the Governor at this time. Good morning. May it please the Court. My name is John Nicholson. I'll be presenting arguments on behalf of the United States. Your Honors, Petitioner is ineligible for cancellation of removal because after being charged with a crime of forcible rape, he pled guilty and was convicted of felony assault with force likely to produce great bodily injury. This is a crime of moral turpitude. He therefore failed to establish the- Counsel, isn't she right that by ICE's action, you kind of had sentences interrupt us here and you had no ability to carry it out? That is true, Your Honor. However, pursuant to the statutes and this Court's precedent, he is ineligible for establishing cancellation of removal based on- I'm sorry. Go ahead and finish. Based on what ICE did in this case. Can you enlighten us as to what happened here? I mean, it is- He entered a plea. He entered a plea. And after entering the plea, at some point he was taken into custody by ICE and entered into removal proceedings. Was that because he was in custody pending sentencing and had indicated to his custodians what his status was? Do you know what happened? I'm not exactly positive, Your Honor, beyond what's in the record as to when he was You don't know how that occurred or when that occurred? Shortly after he was convicted, Your Honor, but- He was not convicted. After he was- We can decide that, right? Excuse me? He was not convicted. It was not a final conviction, Your Honor. He entered a plea. He was subject to- No judgment was entered, correct? No final judgment was entered, Your Honor. Not even a temporary judgment, correct? The plea was entered in court, Your Honor.  And accepted. That's not a judgment, is it? It's not a final judgment, Your Honor. Is it a judgment? Excuse me, Your Honor? Is it a judgment? No, Your Honor. It is not a judgment with- Just say there's no judgment. That's all you have to say. Okay. If there was no- Your argument is there was no judgment and it doesn't matter. It does not matter, Your Honor, pursuant to the cancellation removal statute. The teaching point is here, don't argue against yourself. It doesn't make any sense. You know, when you fight the facts and fight the law, it gets you nowhere. Okay. It makes us think that this is an insensitive government sitting out there waiting for people like this that are potential misdemeanors and grabbing them before that can take place. Okay? Okay. Your Honor, pursuant to the statute, what he did plead- I think what we want to say here is what he did plead guilty to prevents him from establishing cancellation removal. And, therefore, it was petitioner's inability to- But that happened in part because of what ICE did. We don't know. We have this limbo created. But it was created by the government. And is not Ms. Reynolds correct that to some degree you read the Wobbler statute out of the books if the government can come in and interrupt the process and leave this guy in limbo? It makes it- Now, I understand he pled the felony and so on. But it is not a judgment. It is up in the air. When there is a problem of this nature in a criminal setting, doesn't that tilt toward the petitioner in this case? It's not his fault. Why should he bear the burden? He bears the burden of establishing the affirmative relief. He's inadmissible to this country based on his illegal entry in 1990. And then it's his burden to establish the affirmative relief. Had he been permitted to go to court and had he been- You say you've got a nice judge and the judge says, this guy's going to be great, I'm going to give him a misdemeanor. We wouldn't even be here, would we? Probably not, Your Honor. But the issue is that the statute is written in two halves, Your Honor. The first half deals with pre-judgment- And we understand that. Our problem here, of course, is when you had this interruptus part, he had no ability to determine which way it was going to go. And you're saying that even though the government took the action that made it impossible for him to show that he was going to get a misdemeanor, he's just stuck. Is that the government's position? It is. It's the government's position that based on the plea agreement in this case, Your Honor, it is clear that this would have been a felony. So it doesn't matter whether there was a judgment. The plea agreement is sufficient. The plea agreement in this case is sufficient, Your Honor. And do you have any authority for that position? Case law? I don't think there's any case law that goes contrary to that, Your Honor. I understand that, but do you have any case law that says it is so? That based on the plea agreement. I think that this Court's decisions in Garcia-Lopez and Mendez-Mendez speak in favor of the government's position in this case, Your Honor. It's a different factual situation. It is a different factual situation, but I think it's an extension of those. In Garcia-Lopez, the Court held that a wobbler is a felony until it is designated a misdemeanor. That's not what California law says. And don't we go on California law in terms of interpreting what it was going to be? In U.S. v. Robinson, this Court interpreting California law said, under California law where the offense is alternatively a felony or a misdemeanor, it is regarded as a felony for every purpose until judgment. But California Penal Code Section 17b says that until there's imprisonment under these wobbler statutes that it's a misdemeanor, in quotes, for all purposes. Does it not? I think you can assume. I can assume that. That's correct. I was assuming that. I was going to see if there was any other language that was there. So is the government in this case asking us to sanction the federal government's interference with the processing of a state criminal defendant under the wobbler statute? That's not how the government would phrase that, Your Honor. I think what the government is saying in this case is that when an alien is inadmissible, the government can move for their removal at this stage in the proceedings that it was done in this case, and that it is Petitioner's burden to establish his eligibility for cancellation of removal, which he has not done in this case. Now, that is done in a large part based on his admission to a crime that the immigration judge held to be base and vile and categorically a crime of moral turpitude. Let's suppose that in this case, hypothetically, that after he entered the plea, he was in custody of state officials. Okay. And the federal government, through ICE or DHS or whatever, went to the state and said, we'd like you to release him so we can put him in immigration detention and remove him. And we had that case. What would the government's position be? And maybe I'm missing the question. In terms of should the government be able to force the state into releasing him? Yeah, that's the question. Pregnant pause. I apologize, Your Honor. I don't think it's inappropriate and I don't think it's wrong for the state to release him. I don't think it ---- No, in my hypothetical, the state says not on your life. You want him released, go to Federal court and get an order. He's in our custody. It would be my presumption the state has the right to keep him until they impose the sentence. And you certainly, the government certainly wouldn't sanction the Federal government removing him over the state's objection. It's asking to respond to a hypothetical that's not in play in this case before the Court, Your Honor. Well, that's the nature of a hypothetical. But the facts are quite different. And to speak on behalf of ICE without having brought that issue up in front of them, I think would be a little inappropriate on my behalf. In fact, the hypothetical that Judge Hawkins raised, and indeed what we have here, may become increasingly important. The State of California has indicated its strong desire to have people who are held in the state criminal system who are ultimately going to be removed from the country to be shipped over to ICE and deported. So the factual situation we have here is not so far-fetched. Do we need some kind of case law on this that indicates what happens when the government interferes with the normal state judicial processes? I don't think so, Your Honor. I think that this case, there was very clear indication in the plea agreement that it was a felony. It was the immigration judge reviewed both the statute and the plea agreement, so there was oversight. But we'll never know what would have happened because of what the federal government did, right? But I don't think there's a need to know that, Your Honor. I think that based on the plea agreement, based on the proceedings before the immigration judge, the alien in the situation deserved the process that he deserved. I think we understand your argument. Do you work at Maine Justice? Yes, I do, Your Honor. Office of Immigration Litigation. In oil? Yes. Okay. As a favor to the panel, would you sit down with Juan Osuna and play the tape of this argument? Just a suggestion. Rebuttal? And I'm not implying that the argument was bad in any way. I just for educational. It was outstanding. Just for educational purposes. Counsel? Yes, Your Honor. Just quickly, I don't necessarily think that the Petitioner is looking for a sanction as much as the Petitioner is all the court has to do is ask the board to apply their prior precedent. And the board has consistently said that if a criminal court has heard charges relating to an incident, immigration authorities should defer to the resolution of the case in criminal court. I'll cite Matter of E.V., Matter of G., and Matter of Winter. Matter of Winter was a case where they are not, unfortunately. I can definitely fill out a gum sheet. I will. Definitely. Give a copy to opposing counsel. Certainly. And we'll give you ten days to respond, letter brief not to exceed three pages. Okay. And so the court doesn't even need to sanction the government, except for just to ask the BIA to apply its prior precedent, and I'll fill out a gum sheet right now. Okay. Thank you very much. Thank you both for coming in today. The case just argued will be submitted for decision.
judges: Noonan, Hawkins, Smith M.